Nelson, J.,
delivered the opinion of the Court.
Complainant alleges, in substance, that Z. W. Frazer, having authority to use his name as security in his business affairs, and being embarrassed in his circumstances, drew a note for the purpose of raising money, upon which he signed complainant’s name as security or in-dorser; and that it was sold to Sypert, who had full knowledge of the purpose for which the note was executed, at a large and enormous rate of discount; and that the purchase was a usurious transaction. Sypert obtained judgment on the note, and the bill was filed to enjoin its collection, but the injunction was dissolved on the coming in of the answers.
The facts, as shown in the proof, are: That the note was executed for the purpose stated; that Moore, a Constable, had executions in his hands against Z. W. Frazer, for collection; that Frazer handed him the note for collection, in 1859, for $250, indorsed by J. G. Frazer, stating at the time that it was made and indorsed for sale, and for the purpose of raising money, and instructing him to sell it on the best terms; that Moore sold the note to Sypert at about twenty per cent, discount, and applied the proceeds to executions in which Sypert was in no way interested.
*342 Moore, in his answer and deposition, states that he “did not tell, or in any wise inform, his co-defendant of the circumstances under which the note was gotten up, and for what purpose.” Sypert, in his answer, says that he “can not state whether said’ note was made to raise money or not, nor does he know its consideration, or to what use, or how, the money was applied he gave for said note;” and that the note is the only debt or. claim he had upon complainant. He denies, most positively, that he knew anything about the note having been made with a view to sale. He states that he believed, and still believes, that Moore, from whom he purchased, was agent for the maker or indorser. His answer is silent as to whether he had any information on the subject at the time of the purchase; but there is no proof to show that such information was communicated to him.
Z. W. Frazer and Thomas B. Moore were the only witnesses examined in the cause. Frazer states no fact or circumstance, tending to show that any information as to the character of the note was communicated to Sy-pert, before the purchase. Moore, in his deposition, says: I did not tell Sypert how the note was gotten up, nor for what purpose; for, if I had done so, I know I could not have sold it to Sypert.”
In Ramsey v. Clark, 4 Hum., 245, it was held, that, “if the purchaser of the note knows nothing about the consideration for which it was made, and takes an assignment of it, supposing it to be a lawful business transaction, he can be guilty of no desire indirectly to receive a greater amount of interest than the law allows.” The same principle is recognized in May v. Campbell, 7 Hum., *343 450. That case is not overruled in Holman v. Hobson, 8 Hum., 129, 130; and in Wetmore v. Brien and Bradley, 3 Head, 727, it is distinctly held that the purchase must be “with knowledge of the facts, either actual or inferable from the facts of the case,” to make the contract usurious. The same principle is recognized in Doak v. Snapp, 1 Cold., 183.
The mere failure of the defendant to answer the interrogatories as to his belief, is not a sufficient circum-stancé against him upon which to found a decree, as complainant failed to except, and to compel a full answer. Moore’s evidence, under the circumstances, proves á negative, and shows clearly that Sypert had no knowledge of the purpose for which the note was executed.
The Chancellor’s decree is clearly erroneous, and let it be reversed.